**Harold R. WILLIAMS,**
**Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 78–3183
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 7, 1979..

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Laurel G. Weir, Atty., Philadelphia, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., Carl H. Harper, Reg. Atty., Jerry J. Wall, Asst. Regional Atty., Dept. of H. E. W., Atlanta, Ga., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The Secretary of Health, Education and Welfare denied the application of Harold R. Williams for the establishment of a period of disability under § 216(i) of the Social Security Act, 42 U.S.C. § 416(i); for disability insurance benefits under Section 223 of the Act, 42 U.S.C. § 423; and for Supplemental Security Income under Section 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A).

## I. FACTS AND PROCEDURAL HISTORY

On July 13, 1976 a hearing was held to determine if appellant had a disability compensable under the Social Security Act. Williams testified but was not represented by counsel although he was advised of his right to counsel.

On August 16, 1976 the administrative law judge (ALJ) found that claimant was not under a disability and denied Williams' application. The ALJ found that appellant met the earnings requirements but did not find appellant's complaints of disability sufficient for recovery. The ALJ found: 1) that there was no merit to appellant's complaint of a significant loss of vision in the left eye; 2) that complaints of hypertensive cardiovascular disease, high blood pressure, dizziness and heart trouble could be adequately controlled by medication and were only a mild impairment; 3) that Williams' anxiety, nervousness or depression were not related to any severe physical or mental abnormality; 4) that appellant's obesity could be remedied by "reducing food intake." In sum, the ALJ determined that appellant's impairments did not prevent him from returning to his former line of work as a private security guard or sergeant in charge of a detective agency or any similar line of work.[1]

The administrative law judge's decision became the decision of the Secretary of Health, Education and Welfare when the Appeals Council approved it on January 19, 1976.

On February 8, 1977, Williams filed in the district court pursuant to Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the Secretary's decision. The United States Magistrate filed a report and recommendation which was adopted by the district court despite objections filed by appellant (including a letter from a physician which contained new evidence of disability). Judgment was entered against appellant on

---

1. The administrative law judge held that appellant could not return to those occupations he previously held which required more than moderate physical exertion such as pipeline construction and operating the steel wheel roller and asphalt paving machine.

September 21, 1978 from which appellant now seeks review.

## II. NEW EVIDENCE

Appellant argues that the case should be remanded to the ALJ so that a vocational expert could be called to testify in order to determine whether there is any work suitable for him. Appellee argues that because the ALJ found that Williams could return to his *former* work, there was no need to call a vocational expert.

 Vocational testimony is not necessary if the administrative law judge concludes that a claimant could return to his former occupation. *Gray v. Secretary of Health, Education and Welfare,* 421 F.2d 638 (5th Cir. 1970). Although at first glance it appears *Gray* controls this case, appellant produced new evidence to the district court which may prove that he is not suited for the types of work the ALJ found he had previously performed and could perform.[2] The new evidence is a letter from Dr. J. G. Alexander stating that appellant "appeared to have no use of his left arm upper extremity" and that appellant's mouth was "slightly drawn to the right."

The Social Security Act is to be broadly construed and liberally applied. Consistent with this interpretation of the Act

> [C]ourts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of claimant's application.

*Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir. 1975).

In light of this additional evidence which was not presented to the administrative law judge, and therefore not considered by the Secretary in adopting the ALJ's decision, we remand for further consideration.

REMANDED.

---

2. The two occupations mentioned by the administrative law judge were: security guard and sergeant in charge of detectives.