Phala E. Boney KYZAR, etc., et al., Plaintiffs,

Phala E. Boney Kyzar, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.

No. 79–1024
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 15, 1979.
Rehearing Denied July 30, 1979.

* Rule 18, United States Court of Appeals, Fifth Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 431 F.2d 409 (5th Cir. 1970).

F. H. Boney, Summerville, Ga., M. Clay Alspaugh, Birmingham, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Elizabeth T. Campbell, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

▮ The judgment appealed from is affirmed on the basis of the Memorandum Opinion of the District Court filed November 14, 1978, attached hereto.

AFFIRMED.

## MEMORANDUM OPINION

The plaintiff, Phala E. Boney Kyzar, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare reducing the child's insurance benefits payable to her on behalf of her two minor children. Having carefully reviewed the record in light of the argument of counsel, the court is of the opinion that the decision of the Secretary must be affirmed.

The facts are not in dispute. Peter L. Boney, the deceased insured, married Phala in August 1968. At the time of their divorce in July 1972, they had two children, Virginia and Emily, whom Peter continued to support until his accidental death in September 1974. During the interim, in June 1974, Peter married Candace Wilson, the former wife of Ewart O. Wilson who is the father of her two daughters, Wendi and Shelley. Peter lived with Candace and her children until his untimely death. Ewart, however, continued to support his two children at least through the date of the administrative law judge's decision.

After Peter's death, Phala filed a claim for child's insurance benefits on behalf of Virginia and Emily, the natural children, which was granted. Thereafter, Candace filed claims for mother's insurance benefits and for child's insurance benefits on behalf of Wendi and Shelley, the stepchildren, as well as the natural children. These claims were granted on reconsideration.

As a result of the entitlement to benefits of Candace and the stepchildren, the original award to the natural children was reduced. Phala contested the reduction. After an unfavorable reconsideration determination, she requested a *de novo* hearing before an administrative law judge. In a decision dated February 28, 1977, the administrative law judge ruled that the benefits payable to plaintiff on behalf of the natural children were correctly reduced due to the entitlement of Candace and the stepchildren. This determination, became the

final decision of the Secretary when it was approved by the Appeals Council on April 28, 1977.

This court's scope of review is narrowly limited to the two-pronged question of whether the decision of the Secretary is supported by substantial evidence and based upon proper legal standards. There being no dispute as to the first aspect of this inquiry, the court's only concern is whether the Secretary properly applied the law to the undisputed facts. The issue is whether the natural children of the deceased insured, who were both actually and statutorily deemed dependent upon the insured at the time of his death, must share their child's insurance benefits with the deceased insured's stepchildren, who met the statutory dependency criteria of the Act, but who were receiving child support payments from and were dependent upon, their natural father. This issue turns on the meaning of the terms "deemed dependent" as used in Section 202(d)(4) of the Act, 42 U.S.C. § 402(d)(4).

Child's insurance benefits are provided for in 42 U.S.C. § 402(d). Section 402(d)(1) states that an unmarried son or daughter—and under conditions met in this case, a stepson or stepdaughter—of an individual, who dies fully or currently insured under the Act, may apply for and be entitled to a survivor's benefit, if the applicant is under 18 years of age at the time of application (or is a full-time student and under 22 years of age) and was dependent, within the meaning of the statute, at the time of the parent's death. *Mathews v. Lucas,* 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976).

A child shall be *deemed dependent* upon his stepfather or stepmother at the time specified in paragraph (1)(C) of this subsection, if, at such time, the child was living with . . . such stepfather or stepmother. 42 U.S.C. § 402(d)(4). (Emphasis added).

The administrative law judge treated the term "deemed" as the equivalent of conclusive presumption. The defendant contends that, under this presumption, proof of actual dependency of the stepchild on the in-

sured is not necessary; in fact, a showing of non-dependency is not even permitted. Moreover, support furnished by the noncustodial natural parent is immaterial. The plaintiff, on the other hand, argues that such a construction causes the statute to run afoul of the Due Process Clause of the Fifth Amendment. Plaintiff further contends that the statute creates only a rebuttable presumption and that evidence of actual non-dependency should be admitted.

A survey of Supreme Court decisions dealing with similar provisions of the Social Security Act convinces this court that in § 402(d)(4) Congress meant to establish an objective test by which the dependency requirement of § 402(d)(1) is absolutely established upon proof that a stepchild was, for purposes of this case, living with the stepparent at the time of the latter's death. In particular, this court is guided to this conclusion by the recent cases of *Mathews v. Lucas, supra,* and *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). These cases leave no doubt as to the constitutionality of this statutory scheme.

In *Mathews v. Lucas,* the Court was concerned with whether the child's insurance benefits provisions of § 402(d)(1) & (3) regarding the treatment of certain illegitimate children are constitutional under the Due Process Clause of the Fifth Amendment. The Court found that the Congressional desire for administrative convenience and economy was served "by presuming dependency on the basis of relatively readily documented facts, such as legitimate birth, or existence of a support order or paternity decree, which could be relied on to indicate the likelihood of continued actual dependency . . . ." Congress was thus able "to avoid the burden and expense of specific case-by-case determination in the large number of cases where dependency is objectively probable." 427 U.S. at 509, 96 S.Ct. at 2764. Notwithstanding its tendency to be overinclusive—by entitling to benefits some children who were not actually dependent—the statute was declared constitutional because it met the familiar rational relation test traditionally applied in equal protection analysis. *Id.*

"Such presumptions in aid of administrative functions, though they may approximate, rather than precisely mirror, the results that case-by-case adjudication would show, are permissible under the Fifth Amendment, so long as that lack of precise equivalence does not exceed the bounds of substantiality tolerated by the applicable level of scrutiny. *See Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2471, 45 L.Ed.2d 522 (1975). *Id.*

In *Weinberger v. Salfi, supra,* the constitutionality of the duration-of-relationship eligibility requirements for surviving wives and stepchildren of deceased wage earners, 42 U.S.C. §§ 416(c)(5) and (e)(2) was before the Court. The district court had determined that these requirements were irrebuttable presumptions and as such were unconstitutional under the authority of *Cleveland Board of Education v. La Fleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), and *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The Supreme Court reversed and held the statute constitutional.

*Salfi* is instructive since the Court addressed two points which are central to plaintiff's argument: (1) the constitutionality of irrebuttable presumptions; and (2) the fact that the purpose of the Act is in some instances thwarted by the operation of the objective test. Plaintiff cites the same cases relied on by the district court in *Salfi* for the proposition that statutes creating conclusive presumptions are disfavored in the law and would be unconstitutional in the instant case. The *Salfi* Court specifically distinguished those cases, however, and this court is of the opinion that they are not controlling here.

Taking plaintiff's argument at face value, it appears that if the Secretary is upheld in the instant case, a result will obtain which is contrary to the intent of the Act. If so, it is a direct inherent consequence of the imperfect operation of the objective test. It is a risk which the Court—if not the Congress—at least considered and found acceptable; the Court stated: "We also think that Congress could rationally have concluded that any imprecision from which [the duration-of-relationship requirement] might suffer was justified by its ease and certainty of operation." 422 U.S. at 780, 95 S.Ct. at 2474.

The Court's discussion in these cases of the statutory scheme of the Social Security Act in general and of the child's insurance benefits provisions in particular make it clear that in its use of the term "deemed" the Congress intended that dependency would be conclusively established upon proof of the objective criteria—in the instant case, the fact that the stepchildren were living with their stepfather at his death. It follows that they were entitled to share in the child's insurance benefits based on his earnings and that the benefits of the natural children were properly reduced.

An appropriate order will be entered.