**Vernell PARKS, Plaintiff-Appellee,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Resources, Defendant-Appellant.**

No. 79–3551

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 20, 1980.

Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Joseph S. Friedman, Trial Atty., Dept. of HEW, Office of Gen. Counsel, Social Security Div., Baltimore, Md., for defendant-appellant.

John G. Heike, Dallas Legal Services Foundation, Inc., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

The Secretary of Health and Human Resources (formerly the Department of Health, Education and Welfare) appeals the district court's award of disability benefits to the appellee, Vernell Parks, contrary to the Secretary's determination that Parks is not in fact disabled. Because the district court relied on evidence outside the record of the administrative proceedings in awarding benefits in this case, we vacate the district court's decision and remand the case to the Secretary for reconsideration.

Parks filed a claim on July 7, 1976 for a period of disability and for disability insurance benefits under sections 216(i) and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. He alleged he became disabled as of February 1975, primarily as a result of the loss of his left arm. He also complained of high blood pressure, diabetes, and spells of dizziness. The application was denied by the Office of Disability Operations of the Social Security Administration. Parks then took his claim before an administrative law judge, who also concluded that plaintiff was not disabled. The administrative law judge's decision became the final decision of the Secretary when it was approved by the Appeals Council on February 28, 1979.

Parks then brought the present suit in district court seeking judicial review of the

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

adverse action of the Secretary, as authorized by the provisions of 42 U.S.C. § 405(g). Attached to a motion for summary judgment in this action, Parks offered additional evidence of his disabilities which had not been presented to either the administrative law judge or the Appeals Council. This evidence consisted of several medical diagnostic reports and a hospital discharge summary dated April 5, 1979 which diagnosed Parks as suffering from sleep apnea syndrome. During the administrative proceedings, Parks had repeatedly complained of dizziness, blacking out, and suddenly falling asleep. He testified that if he was required to remain sitting for any period of time he would fall asleep. The vocational expert who appeared before the administrative law judge testified that if Parks indeed had a sleep disorder which resulted in uncontrollable somnolence he would not be able to engage in any substantial gainful activity. Sleep apnea syndrome, which in Parks' case results in cessation of air exchange at the nose and mouth for 15 to 40 seconds every 45 to 50 seconds during his sleep, is a serious sleep disorder that can result in uncontrollable somnolence during the day.

The district court, in awarding benefits to Parks, first held that there was no substantial evidence to support the administrative law judge's finding that Parks had never voiced concern about sleepiness to treating physicians. The court then concluded that "based on the evidence already in the record and the evidence marked as 'exhibit I'" [the new diagnostic tests] Parks was disabled as he was unable to "engage in any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A).

On appeal, the Secretary contends the district court erred in not affirming her decision since it was based on substantial evidence, 42 U.S.C. § 405(g), and also contends the court erred by ordering payments without taking into consideration the five-month waiting period for entitlement to payments contained in 42 U.S.C. § 223(d)(3). We need not labor these points, however, since the Secretary's third contention—that the court erred in basing its decision on evidence outside the administrative record—requires that we vacate the district court's decision and remand the matter to the Secretary for her further consideration.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), sets forth the procedure for judicial review of the final decisions of the Secretary. The statute requires that suit be brought in the district court of the United States for the judicial district in which the plaintiff resides. The Secretary, as part of her answer to the suit, must file with the court a certified copy of the "transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The court then has the authority to review the Secretary's decision "upon the pleadings and transcript of the record." *Id.* The medical evidence of Parks' sleep disorder relied upon by the district court in awarding benefits to Parks was outside the administrative record and therefore not properly before the court. Later provisions of 42 U.S.C. § 405(g) establish the procedure for handling evidence arising after the conclusion of the administrative proceedings:

> The court . . . may, at any time, on good cause shown, order additional evidence to be taken *before the Secretary*, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

42 U.S.C. § 405(g) (emphasis added).

Under the circumstances the district court should have remanded the case to the Secretary, directing that she review the case in light of the additional medical evidence presented by Parks. The new evidence of Parks' medical condition is highly

relevant, probative, and must be considered before a rational determination of his disability status can be made. *Williams v. Califano,* 590 F.2d 1332, 1334 (5th Cir. 1979). We therefore vacate the opinion of the district court and remand the case to the Secretary for consideration of all evidence relating to Parks' disability, especially that relating to the claimed sleep disorder. Because of the lengthy history of this case as it has wound its way through administrative channels and judicial appeals, we urge the Secretary to expedite reconsideration of this matter, giving final resolution of this claim highest priority.

VACATED AND REMANDED.