**Dorothy THOMAS, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary of the Department of Health and Human Services, Defendant.**

**No. 78–110–Civ–J–M.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Sept. 22, 1980.

Bernard S. McLendon, Asst. U. S. Atty., Jacksonville, Fla., for the Government.

Christina A. Zawisza, Jacksonville Legal Aid, Inc., Jacksonville, Fla., for plaintiff.

## ORDER

MELTON, District Judge.

Dorothy Thomas, pursuant to Title II, Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), filed this cause of action requesting review of the denial by the Secretary of the Department of Health, Education and Welfare, (now the Department of Health and Human Services) of Supplemental Security Income (SSI) benefits. The plaintiff contends that she is entitled to benefits because she is physically disabled and unable to pursue gainful employment. At the time this action was brought, the plaintiff was forty–four years old, single, and the mother of two minor children.

The issues presented on appeal are: (1) whether the decision of the Secretary to deny the plaintiff Social Security Supplemental Security Income benefits under § 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A), was supported by substantial evidence; (2) whether the Administrative Law Judge applied an incorrect legal standard in evaluating the expert medical opinion of the plaintiff's treating physician; and (3) whether the plaintiff is entitled to a further administrative proceeding by the Social Security Administration in order to allow the views and report of her treating physician to be more fully developed.

■ The Court's scope of review is narrowly limited to a two–pronged question: whether the decision of the Secretary is supported by substantial evidence, and whether the decision is based upon proper legal standards. *Kyzar v. Califano*, 597 F.2d 68 (5th Cir. 1979). Since the Court has determined that a remand is necessary because the Secretary misapplied certain legal standards, and because the record is incomplete, it is unnecessary for the Court to

determine whether the Secretary's decision is supported by substantial evidence.

The pertinent facts are fully set forth in the government's memorandum in support of the Secretary's decision, and in the plaintiff's memorandum of law in support of the motion to remand for good cause shown. In summary, the plaintiff filed an application for SSI benefits on August 4, 1976, claiming that she became disabled and unable to continue working on July 22, 1976. The application was denied initially, and upon reconsideration by the Social Security Administration. Pursuant to the plaintiff's request, an evidentiary hearing was held by an administrative law judge. At this hearing, the plaintiff was represented by a law student. On August 29, 1977, the administrative law judge concluded that the plaintiff's medical condition did not constitute a disability as defined by law. That decision became final upon the approval of the Appeals Council on December 21, 1977. This case was thereupon filed in Federal Court on February 24, 1978. The United States Magistrate subsequently denied the plaintiff's motion to remand.

The record establishes that the plaintiff has not been gainfully employed for the four years prior to the commencement of this suit. The serious nature of the variety of ailments from which she suffers is acknowledged by all the physicians which have examined the plaintiff. Not only does the record suggest that she could not hold any position of gainful employment, but it appears that the activity and pressure of a position might seriously endanger her health.

It is undisputed that the plaintiff suffers from hypertension, chronic asthma, arteriosclerotic heart disease, obesity, chest and back pain, as well as tightness in her chest. Dr. Lorenzo McCarthy, the treating family physician, indicated in a series of notes written between July 22, 1976, and June 9, 1977, that the plaintiff would have difficulty in controlling her asthma and was unable to maintain full–time employment. Dr. Anderson, appointed by the Department of Health, Education and Welfare, examined the plaintiff on September 20, 1976, and concluded that the plaintiff remained capable of performing light activity and thus employment.

Plaintiff's employment history included work as a hotel maid, domestic servant and as a launderer. The vocational expert's testimony before the administrative law judge indicated that certain jobs might be available to the plaintiff. The vocational expert concluded, however, that if the plaintiff's physical condition was as serious as she testified, that is, that the plaintiff had to lie down and experienced pain in her chest on a regular basis as well as shortness of breath, then he knew of no jobs which she could perform.

The principal issue presented in this appeal is whether the Administrative Law Judge erred by according greater weight in his decision to the opinion of the consulting physician than to claimant's treating physician. It was the opinion of the Social Security Administration Administrative Law Judge that the findings of the consulting physician deserved greater weight than those of the treating physician. In his decision, the Administrative Law Judge stated:

These various statements made by Dr. McCarthy are not supported by any laboratory or clinical data or significant objective findings other than the conclusions above stated which give no significant reliable clinical or laboratory or objective findings as a basis for the same. As such I am not bound by the expressions of such conclusions or opinions unsupported by reliable findings, clinical or modern diagnostic techniques utilized.

There is no evidence in the record that prior to the release of his decision denying the plaintiff disability benefits that the Administrative Law Judge placed the claimant on notice that the conclusions of her treating physician would be discredited. Under the circumstances herein presented, the Administrative Law Judge had an affirmative responsibility to further develop the record. *See White v. Harris*, 605 F.2d 867 (5th Cir. 1979).

■ The burden of presenting adequate evidence of disability rests on the claimant. *See, e. g., White v. Harris,* 605 F.2d 867, 869 (5th Cir. 1979). However, the Administrative Law Judge should provide the inadequately represented claimant with the opportunity to present evidence which the Administrative Law Judge would reasonably believe to be readily available. Dr. McCarthy treated the plaintiff numerous times over a three-year period. The doctor apparently possessed considerably more relevant information about claimant's condition than he initially submitted to the Social Security Administration.

■ The failure of the Administrative Law Judge to request additional information from Dr. McCarthy in order to complete the record gains even greater significance in view of the fact that the opinion of a treating physician is generally entitled to greater weight than the opinion of a consulting physician. *See Stawls v. Califano,* 596 F.2d 1209 (4th Cir. 1979); *Hephner v. Mathews,* 574 F.2d 359 (6th Cir. 1978); *Bastien v. Califano,* 572 F.2d 908 (2d Cir. 1978); *Gutierrez v. Secretary of Health, Education, and Welfare,* 572 F.2d 7 (1st Cir. 1978); *Hunley v. Califano,* 465 F.Supp. 65 (E.D.Va. 1979); *Spicer v. Califano,* 461 F.Supp. 40 (N.D.N.Y.1978); *Dunbar v. Califano,* 454 F.Supp. 1261 (W.D.N.Y.1978); *Debolt v. Califano,* 445 F.Supp. 893 (S.D.Ill.1978).

A Fifth Circuit decision returned subsequent to the Magistrate's initial ruling on the motion to remand further supports a remand in the instant case. In *Williams v. Califano,* 590 F.2d 1332 (5th Cir. 1979), it was stated that

The Social Security Act is to be broadly construed and liberally applied. Consistent with this interpretation of the Act _ _ _ "Courts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of claimant's application." *Williams* at 1334.

Such is the situation in this case. *See also Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir. 1975); *Moncrief v. Gardner,* 357 F.2d 651, 653 (5th Cir. 1966).

In summary, it is clear that in this case, the plaintiff is entitled to have the views of her treating physician more fully developed. Moreover, by summarily rejecting the treating physician's opinion, although it is entitled to substantial weight, the Administrative Law Judge applied erroneous legal standards to his consideration of the evidence. The case is therefore remanded to the Secretary for further proceedings consistent with this opinion and in accordance with the applicable administrative regulations.