**Henry CHANEY, Plaintiff-Appellant,**

**v.**

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 81–1083**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1981.

Clint A. Barham, Dallas, Tex., for plaintiff-appellant.

Anthony W. Vaughn, Asst. U. S. Atty., Fort Worth, Tex., Mary K. Biester, Asst. Regional Atty., Dallas, Tex., for defendant-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Henry Chaney appeals the district court's affirmance of the decision of the Secretary of Health and Human Services which denied his claim for disability benefits under the Social Security Act. We vacate and remand to the district court with directions.

Appellant Chaney was a former carpenter and laborer in the construction industry. He filed an application for disability insurance benefits and supplemental security income on January 21, 1978, alleging that he became unable to work in December, 1976. Appellant claimed his disability was due to ulcers, pancreatitis, and an inoperative left shoulder and arm caused by a stroke he suffered on December 1, 1976. Appellant's application for benefits was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after evaluation of evidence by physicians and disability examiners who found that appellant suffered from no disability.

The case was heard *de novo* by an administrative law judge on August 3, 1978. It appears that the administrative law judge agreed to postpone his determination until September 21 so that appellant could locate and produce medical records of his treatment at Parkland Hospital in Dallas. Appellant was admitted at Parkland on December 2, 1976, the day after his alleged stroke, and he claimed that the records would prove the existence of the stroke and his resultant disability.[1] The hospital was unable to find the records in time. Accordingly, the administrative law judge made his decision on the basis of the record before him.

The medical evidence in the record showed no evidence of a stroke or impairment of appellant's left side due to a stroke.

---

1. At the August 3 hearing, appellant testified that since February, 1978, he had been receiving outpatient treatment two to three times a week at Parkland for his disabled left side. He also stated that he had been given medication to ease the pain in his shoulder.

Appellant could support his claim only by the testimony of his wife, his neighbors, and himself. Weighing the evidence, the administrative law judge found no disability to Appellant's left side due to stroke, and no disability due to ulcers or pancreatitis. He thus denied appellant's claim for benefits on September 21, 1978. The administrative law judge's decision became the final decision of the Secretary on January 29, 1979, after approval by the Appeals Council.

Appellant then sought judicial review of the Secretary's decision in the District Court for the Northern District of Texas pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976) (amended 1980). Appellant continued to insist that the Parkland Hospital records would vindicate his claim, but after repeated extensions of time by the district court, appellant was still unable to produce them. The district court found that the Secretary's decision was supported by substantial evidence and granted the Secretary's motion for summary judgment.

Appellant raises two issues on appeal. First, he claims that the district court erred in its determination that the Secretary's findings were supported by substantial evidence. Second, in his brief on appeal, appellant claims that he has finally located the Parkland Hospital records (totalling some 400 pages) which will prove the existence of his stroke and the disability caused thereby. He seeks to introduce this evidence in a new hearing.

The proper procedure in such cases is outlined by the Social Security Act itself, 42 U.S.C. § 405(g):

> The court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

The present § 405(g) resulted from the June 9th, 1980 amendments to the Social Security Act, Pub.L. 96–265, Title III, § 307, 94 Stat. 458 (1980). The previous version of § 405(g) had stated that the court could "at any time, on good cause shown, order additional evidence to be taken by the Secretary," whereas the new version permits such a remand only upon a showing of new and material evidence as well as good cause why the evidence was not incorporated into prior proceedings. In the case before us, the administrative hearing was completed in 1978; the district court made its ruling in November of 1980 but since appellant had brought forth no new evidence at that point, it did not consider the application of the new version.

There is very little discussion of whether the new § 405(g) should apply to administrative proceedings completed before June 9, 1980. The sole extended treatment of the subject appears in *Barnard v. Secretary of Health and Human Services*, 515 F.Supp. 690 (E.D.Md.1981) (suggesting that retroactive application would not be unjust). One recent opinion in this circuit has applied the "good cause" standard of the former version without comment. *Allen v. Schweiker*, 642 F.2d 799 (5th Cir. 1981). However, we will apply the new version of § 405(g) consistent with the rule that absent manifest injustice or a statutory directive or legislative history to the contrary, an appellate court must apply the law in effect at the time it renders its decision. *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Watkins Motor Lines, Inc. v. I.C.C.*, 641 F.2d 1183, 1186–87 & n.3 (5th Cir. 1981); *Corpus v. Estelle*, 605 F.2d 175, 180 (5th Cir. 1979). We agree with the court in *Barnard, supra,* that there is no evidence in the legislature history that the new provisions of § 405(g) should not apply to cases pending in the courts on June 9, 1980.[2] We think as well that no manifest injustice results from the application of the

---

2. The house conference report on Section 307 of the 1980 amendments (the new version of § 405(g)) states that: " 'The conference agreement includes this provision [modification of the old 'good cause' requirement] of the House and Senate bills effective upon enactment.' " House Conference Report No. 944, 96th Cong., 2d Sess. 59, *reprinted in* [1980] 3 U.S.Code Cong. & Ad.News 1277, 1392, 1407.

new provision. It was already the law of this circuit that new evidence could not be good cause for a remand to the Secretary under § 405(g) unless an explanation was given as to why it was not submitted previously, *Watts v. Harris*, 604 F.2d 515 (5th Cir.), *cert. denied*, 449 U.S. 863, 101 S.Ct. 168, 66 L.Ed.2d 80 (1980), and unless the evidence was relevant and probative. *Williams v. Califano*, 590 F.2d 1332 (5th Cir. 1979). We therefore apply the new provisions of § 405(g) to this case.

■ Appellant has not submitted his 400 pages of medical testimony for our consideration. Nor is it our job as an appellate court to examine new evidentiary materials and find issues of fact. The best solution is to remand the case to the district court for a determination of whether a remand to the Secretary is appropriate. At such a determination, the appellant has the burden of showing that he had good cause for his failure to submit the evidence in a prior proceeding. *See Allen v. Schweiker*, 642 F.2d 799 (5th Cir. 1981); *Watts v. Harris, supra* (good cause not shown if appellant fails to explain why medical report was not obtained prior to administrative hearing). He must also show that the evidence is new and material.

■ The requirement of materiality is an important one. The concept "material" suggests that the new evidence must be relevant and probative.[3] However, not ev-

ery discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing. Thus we hold that a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination.[4]

■ We vacate the judgment of the district court and remand for a determination of whether appellant's new evidence meets the requirements of § 405(g). If the district court finds that the evidence does meet the requirements, the case should be remanded to the Secretary for further proceedings. If the court finds that the requirements are not met, remand should be denied and the district court should reinstate its original judgment.[5]

VACATED and REMANDED.

---

3. In a case decided before the 1980 amendments, this circuit held that:

  [t]he Social Security Act is to be broadly construed and liberally applied. Consistent with the interpretation of the Act "[c]ourts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative, and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of claimant's application."

  *Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1979) (quoting *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975)). *See Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980), *Parks v. Harris*, 614 F.2d 83, 84–85 (5th Cir. 1980); *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980); *Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967).

4. In construing the meaning of "material" as we do, we decline to endorse the position taken by the Fourth and Tenth Circuits that such evidence must be reasonably likely to have resulted in a different decision by the Secretary. *See King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Cagle v. Califano*, 638 F.2d 219 (10th Cir. 1981).

5. If remand to the Secretary is denied and the district court's judgment is reinstated, it will not be necessary for appellant to file a new notice of appeal if he elects to seek review of the district court's judgment. He need only file with this court certified copies of the district court's findings plus any supplementary briefs and materials. The matter will then be referred to this panel. *See U. S. v. Gaston*, 608 F.2d 607, 614 n.3 (5th Cir. 1979).