765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KELLY R. JOHNSON, PLAINTIFF-APPELLANT,
v.
MARGARET M. HECKLER, SECRETARY HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-3287
 United States Court of Appeals, Sixth Circuit.
 5/24/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and HULL*, District Judge.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Kelly R. Johnson (Johnson) appealed from the judgment of the district court which sustained the Secretary's decision to deny benefits and refused to remand the case to the Secretary for the consideration of new evidence.
 
 
 2
 Johnson filed applications for a period of disability and disability insurance benefits and for supplemental security income on November 12, 1980, wherein he alleged that he had become disabled and unable to work as of May 29, 1980. The applications were denied initially and upon reconsideration. A de novo hearing at which the plaintiff and his attorney appeared was conducted by an Administrative Law Judge (a.l.j.). The a.l.j. found that the claimant suffered from degenerative disc disease of the cervical and lumber spine with functional overlay and a history of excessive alcohol consumption. He concluded, however, that the evidence failed to establish that the claimant's pain or discomfort rose to a level that would preclude him from working. The a.l.j. also determined that the claimant had the ability to control his use of alcohol. Accordingly, the a.l.j. concluded that the claimant was not disabled under the Social Security Act.
 
 
 3
 The appeals council affirmed and Johnson initiated this action in the district court. On December 29, 1982, Johnson filed a motion for remand of the case to the Secretary for consideration of 'new evidence'. On February 22, 1983, the district court issued its order sustaining the Secretary's decision and refused to remand for consideration of the new evidence.
 
 
 4
 Johnson's single contention on appeal is that the district court erred by refusing to remand the case to the Secretary for consideration of new evidence. The statutory provision governing this issue is codified in 42 U.S.C. Sec. 405(g) and reads, in part, as follows:
 
 
 5
 The court may on motion of the Secretary made for good cause shown before the files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.
 
 
 6
 Thus, before a court will order a remand pursuant to 42 U.S.C. Sec. 405(g), a claimant must show that there is new evidence which is 'material'.[1] This court recently noted that the legislative history of the statute demonstrated that the provision was enacted, at least in part, 'to limit the discretion of federal judges to remand for reconsideration of new evidence'. Willis v. Secretary HHS, 727 F.2d 551, 554 (6th Cir. 1984). Case law construing Sec. 405(g) indicates that evidence is 'material' when it is relevant and probative and when there is a 'reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination'. Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981); see also Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980) ('if a consideration of newly submitted evidence would not result in a reasonable chance that the Secretary would reach a different conclusion, good cause for remand has not been shown').
 
 
 7
 The new evidence relied upon by Johnson to support remand consisted of medical records from Marymount Hospital concerning a three week hospitalization from September 20, 1982, until October 25, 1982, and medical records from the Brecksville Veterans Administration Hospital regarding a hospitalization beginning on October 25, 1982. He argued taht the records document the diagnosis of deteriorating depression and dysthymic disorder and lumber radiculopathy. Without much elaboration, plaintiff asserted that 'Both reports contain substantial evidence that would certainly change the outcome of the decision.'
 
 
 8
 While the new evidence demonstrates that Johnson suffered from depression, it also discloses that the depression is neither severe nor continuous. The district court concluded that 'the records, on their face do not establish or even suggest a possibility of a mental impairment that would create an inability on plaintiff's part to engage in any substantial gainful activity and which can be expected to last for a continuous period of not less than twelve months, so as to entitle the plaintiff to disability benefits. See 42 U.S.C. Sec. 423(d).' The district court concluded, therefore, that Johnson had failed to prove that the new evidence would have affected the administrative determination and denied the motion for remand.
 
 
 9
 The district court accurately characterized the new evidence by stating that there is no 'reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination'. See Newhouse v. Heckler, 753 F.2d at 287; Chaney v. Schweicker, 659 F.2d at 679. Thus, the district court did not abuse its discretion by refusing to remand the case to the Secretary. Therefore, the judgment is AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation
 
 
 [1]
 An earlier version of Sec. 405(g) provided that the court could 'at any time, on good cause shown, order additional evidence to be taken by the Secretary.' In 1980, the statute was amended to add the requirement that the evidence be material. See Pub.L. No. 96-265, Title III, Sec. 307, 94 Stat. 458 (1980)