**Willie L. WEAVER, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. TX–83–12–CA.**

United States District Court, E.D. Texas, Texarkana Division.

Nov. 19, 1985.

---

Joseph A. Sterle, Texarkana, Tex., for plaintiff.

William J. Cornelius, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND FINAL ORDER OF REMAND

HALL, District Judge.

This appeal is brought under § 405(g) (1983) from the Secretary's final decision denying Plaintiff Willie L. Weaver supplemental social security income and disability insurance benefits. Based on new evidence, this Court finds "good cause" to remand this case to the Secretary for further review.

On October 19, 1981 Weaver filed an application for disability asserting that he was totally disabled from a stroke he had suffered on September 11, 1981. (Exhibit 1, Tr. 44). An Administrative Law Judge (ALJ), on August 16, 1982, denied Weaver's request (Tr. 6–16) and concluded that although Petitioner is not capable of returning to his past work as a carpenter/laborer, he has "the residual functional capacity within 12 months to do medium, light, and sedentary work". By letter dated December 22, 1982 the ALJ's decision was upheld by the Appeals Council, becoming the final decision of the Secretary in this case. (Tr. 3). Weaver then filed this appeal challenging the Secretary's denial of benefits.

Plaintiff's appeal, filed with this Court by Complaint on January 27, 1983, prays that this Court reverse the Secretary's decision and award the Plaintiff social security benefits. Attached to his Complaint, this Court finds a letter from Jerry B. Stringfellow, M.D., dated December 6, 1982 wherein the Doctor opines that Mr. Weaver is "permanently and totally disabled". The letter indicates that Dr. Stringfellow performed a physical examination on Weaver, although no medical reports are attached thereto. Defendant filed its Answer to Plaintiff's Complaint on May 16, 1983 and then filed a Motion for Summary Judgment in November of 1983. Defendant's Motion for Summary Judgment, pages 15–19, contains the argument that Plaintiff has failed to show "good cause" for remand as required by statute, and that because the Secretary's determination is supported by substantial evidence, a "remand to develop more evidence would be without value". In light of correspondence filed with this Court by Plaintiff's Counsel on November 8, 1985 and on November 13, 1985, and in light of the administrative hearing held on April 20, 1982, this Court does not agree.

The record reflects that the ALJ held a hearing on April 20, 1982 to determine whether or not Weaver is entitled to benefits under the Social Security Act (the Act). (Tr. 29–43). During the hearing the ALJ considered evidence, in the form of medical evidence and witness testimony, that Mr. Weaver had suffered a stroke and that he was disabled. At the close of these proceedings the ALJ stated:

> "he [claimant] has to prove he's been disabled for twelve months. What I'm thinking is maybe I'll get another examination. (Tr. 40).... *I'm just saying that from the evidence, I can't tell for sure that he's going to be disabled for 12 months.* ... Dr. Harris' report ... doesn't give me any indication of whether it's likely to improve or get worse. So I'm just saying *I don't have sufficient evidence to make a decision....* (Tr. 41)". (Emphasis added).

Accordingly, the ALJ had Weaver reexamined by a Dr. Capps on May 19, 1982. Dr. Capps concluded that Weaver's condition had improved. (Exhibit 26, Tr. 124–127). The record reflects that Capps' testimony played the crucial role in the ALJ's determining that Weaver is not disabled. (ALJ's Decision, Tr. 13, ls. 10–21).

The abovementioned portions of the transcript amply demonstrate that the ALJ was

concerned with whether or not Weaver's disability would last for a year beyond the date of its onset on September 11, 1981. Based on Dr. Capps' testimony, he concluded that Weaver did not meet the durational requirement of twelve (12) months, under the Act, to entitle him to disability. Certainly, Dr. Stringfellow is of a different opinion as set forth in his letter of December 6, 1982, and certainly, *under the facts of this case,* it is prudent for the Court to conclude that a remand to the Secretary is appropriate. This Court cannot state that "there is no reasonable possibility that it [the new evidence (including any associated medical reports)] would have changed the outcome of the Secretary's determination". *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981).

Furthermore, Plaintiff has demonstrated to this Court, by correspondence dated November 8, 1985 and November 13, 1985, that he had "good cause" for his failure to submit the evidence at the administrative proceeding. Weaver was first examined by Dr. Stringfellow on November 4, 1982 for purposes of treatment, not for purposes of obtaining additional medical evidence to submit to the Secretary. Said examination occurring approximately seven (7) months after the hearing before the ALJ in April of 1982 and three (3) months after the ALJ denied Weaver's application, it was impossible for Weaver to submit this evidence in the prior proceeding. Under the facts of this case, and upon the representation of Plaintiff's Counsel that Plaintiff consulted Dr. Stringfellow in good faith, in the interests of justice this Court finds that Plaintiff has provided an explanation sufficient to demonstrate "good cause" for his failure to obtain this new evidence prior to the closing of the administrative record. *Chaney v. Schweiker, supra* at 679; *Watts v. Harris,* 614 F.2d 515 (5th Cir.), *cert. denied,* 449 U.S. 863, 101 S.Ct. 168, 66 L.Ed.2d 80 (1980). The Court further finds that the new evidence is unquestionably material, relevant and probative to the inquiry at hand.

For these reasons, the Court, in its discretion, finds "good cause shown" to re-mand this claim, in the interests of justice, in order that additional evidence can be considered by the Secretary. *Johnson v. Harris,* 612 F.2d 993 (5th Cir.1980). The existence of new evidence can create "good cause" for remand of a disability benefits claim to the ALJ for additional findings. *Chaney v. Schweiker, supra* at 679; *Johnson v. Harris, supra* at 999.

It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment be DENIED and the determination of the Secretary be REVERSED and this cause be REMANDED to the Secretary for reconsideration in accordance with this opinion. Further, the Court ORDERS that the Plaintiff be allowed to offer any evidence associated with Dr. Stringfellow's opinion, such as medical reports, and any other evidence demonstrating the Plaintiff's disability has lasted for twelve (12) months. Because it has been over four (4) years since Plaintiff initially filed this claim, it is further ORDERED that this case be given priority by the Secretary, and that the reevaluation ordered herein be completed within ninety (90) days of the signing of this memorandum opinion and order.