12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce A. STEWART, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1804.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 1
 Before: GUY and RYAN, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Joyce A. Stewart, a pro se social security claimant, appeals a district court judgment affirming the Secretary's denial of her application for supplemental security income benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review, this panel unanimously concludes that oral argument is not needed. Fed.R.App.P. 34(a). Stewart has not requested oral argument, and, therefore she is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The Secretary has expressly waived oral argument.
 
 
 3
 Stewart filed her current and second application for supplemental security income benefits on June 19, 1990, alleging a disability since February 7, 1989, due to arthritis of the back, right knee, shoulder and neck. An administrative law judge (ALJ) determined that Stewart had the residual functional capacity (RFC) to perform work where she would not have to lift/carry more than 10 pounds, or engage in prolonged standing and sitting for more than two hours at a time. He also limited her from doing vigorous movements and regularly manipulating hand or foot controls. Relying on the testimony of a vocational expert, the ALJ found that Stewart had the RFC to perform her past relevant type of work as an office/clerical worker. Therefore, he found that she was not disabled.
 
 
 4
 Although Stewart was represented by counsel through the administrative proceedings, she proceeded pro se when she sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. Upon de novo review in light of Stewart's objections, the district court adopted the findings of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Stewart's pro se brief is construed as arguing that the Secretary's decision is not supported by substantial evidence because he did not properly evaluate her RFC, complaints of pain, and the opinions of her treating doctors. For the first time on appeal, she argues that her medical condition either meets or equals the Secretary's listing of impairments. She makes vague arguments that the ALJ was biased, the record was incomplete and the district court failed to make its own investigation of her case.
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision denying disability benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). With regard to Stewart's argument that she meets or equals the Secretary's listings in 20 C.F.R. Part 404, Subpt. P, App. 1, the court will not address this issue because it was not initially raised in the district court, and no exceptional circumstances warranting review apply. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 The ALJ also properly evaluated Stewart's complaints of pain because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988); Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 8
 Stewart also argues that the district court did not conduct its own investigation into her case. However, judicial review of administrative decisions is limited to the administrative record only. Parks v. Harris, 614 F.2d 83, 84 (5th Cir.1980) (per curiam). The district court does not have authority to conduct its own investigation into this matter. Her other arguments are without merit.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation