61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glenn R. McCARTY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-4245.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Glenn R. McCarty appeals a district court judgment which affirmed the Secretary's denial of his applications for social security disability benefits and supplemental security income. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 McCarty alleged that he became disabled on July 19, 1986, due to a back impairment. An Administrative Law Judge ("ALJ") found that McCarty had spondylosis at L4 and a herniated disc at L5-S1, which necessitated laminectomies, disc excisions and a fusion. The ALJ found that McCarty could not perform his past work, even though his condition did not meet or equal any of the impairments that are described in Appendix 1 to the regulations. However, the ALJ also found that McCarty retained the ability to perform a wide range of light work, despite his impairments. Thus, the ALJ found that McCarty was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 202.18. The ALJ's opinion became the final decision of the Secretary on October 20, 1993, when the Appeals Council declined further review.
 
 
 4
 McCarty's case was referred to a magistrate judge, who recommended that the Secretary's decision be affirmed. The district court adopted this recommendation and dismissed the case on October 3, 1994. It is from this judgment that McCarty now appeals.
 
 
 5
 McCarty does not dispute the district court's conclusion that there was sufficient evidence to support the Secretary's decision. Indeed, he expressly states that "the relief requested on appeal is not a reversal based on lack of substantial evidence." Instead, McCarty now argues that his case should be remanded to the Secretary under the sixth sentence of 42 U.S.C. Sec. 405(g), for consideration of new evidence that was discovered during the pendency of this appeal. Therefore, to the extent that this new evidence is not considered, McCarty has abandoned any claim that he might have had regarding the validity of the Secretary's decision. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). We note, nonetheless, that there was substantial evidence in the existing record to support the Secretary's determination of non-disability.
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if there is also substantial evidence to the contrary. Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir.1992).
 
 
 8
 The record clearly indicates that McCarty has a severe impairment which has necessitated two back surgeries. However, the ALJ's finding that McCarty retained the residual functional capacity to perform the exertional requirements of light work is supported by the testimony of a medical advisor as well as the reports of several treating and consulting physicians. This evidence provides substantial support for the ALJ's finding that McCarty retained the ability to perform a wide range of light work. See Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986).
 
 
 9
 Since McCarty could not perform his past work, the Secretary had the burden of showing that a significant number of other jobs were still available to him. See Young v. Secretary of Health and Human Servs., 925 F.2d 146, 148 (6th Cir.1990). Since McCarty did not present evidence of a significant non-exertional impairment, the ALJ was able to meet this burden by relying directly on Rule 202.18 of the grids. This rule directs a conclusion that a younger individual, like McCarty, is not disabled if he has limited education and is able to perform light work. Thus, the grids provide substantial evidence to support the Secretary's ultimate determination that McCarty is not disabled. See Wyatt, 974 F.2d at 684.
 
 
 10
 In pertinent part, the sixth sentence of Sec. 405(g) provides that the district court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The new evidence in the present case consists primarily of a report by Dr. Robert Kosmides, dated February 24, 1995, which describes the results of a cranial C-T scan. Dr. Kosmides noted that his findings were "suggestive of a moderately large discrete focus of encephalomalacia" in the right frontal lobe, "without associated mass effect, hemorrhage or enhancement." McCarty has also submitted several documents which indicate that he suffered a skull fracture in 1967. This evidence has not been presented to the district court, and the district court has not had an opportunity to rule on McCarty's request for a remand under sentence six of Sec. 405(g).
 
 
 11
 As a general rule, this court will not consider an issue or evidence that is presented for the first time on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). While the court has deviated from this general rule when its application would result in a plain miscarriage of justice, the "court is not compelled to hear, nor should it hear, an issue not presented to the district court unless reaching that issue serves an over-arching purpose beyond that of arriving at the correct result in an individual case." Id. at 408. In addition, "[t]he fact that the issue newly raised on appeal requires or necessitates a determination of facts is generally deemed good reason to refuse consideration of the issue for the first time in the appellate court." Taft Broadcasting Co. v. United States, 929 F.2d 240, 244 (6th Cir.1991). This general rule applies here because the propriety of a sentence six remand in McCarty's case involves undeveloped issues of fact and because appellate consideration of McCarty's argument is not necessary to avoid a plain miscarriage of justice.
 
 
 12
 Section 405(g) anticipates that a sentence six remand will be considered by the district court, before a final judgment is entered. See Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 174-75 (6th Cir.1994). To justify such a remand a claimant must present "new" evidence that is "material" to the disposition of his administrative case and show "good cause" for his failure to produce this evidence during the earlier proceedings. Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir.1991). In McCarty's case, the application of this test necessarily includes factual questions that cannot be adequately resolved on the present record. See id.; Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir.1981) (per curiam).
 
 
 13
 McCarty must first show that the additional evidence is new and not merely cumulative. See Jones, 949 F.2d at 60. The Secretary argues that Dr. Kosmides's C-T scan is cumulative evidence because it reiterates aspects of two reports that are in the existing medical record. In particular, the appellee cites a report by Dr. Weingart and a psychosocial pain evaluation that was prepared by Dr. Adams. A determination as to whether the C-T scan is cumulative of this evidence cannot be made on the present record because Dr. Kosmides did not indicate whether McCarty's encephalomalacia was relevant to the headaches that were noted by Dr. Weingart or to McCarty's reaction to pain as evaluated by Dr. Adams. There is no indication of the cause, physical symptomatology or synergistic impact of McCarty's encephalomalacia. Thus, any attempt to relate this diagnosis to the existing medical record would be speculative.
 
 
 14
 McCarty must also show that the new evidence is material. To meet this burden, he must show that there is a reasonable probability that the ALJ would have reached a different disposition if the new evidence had been presented during his administrative proceedings. See Wyatt, 974 F.2d at 685. The present record is likewise insufficient to make a determination regarding materiality because there is no clear indication as to the effect that McCarty's encephalomalacia might have on his ability to perform a wide range of light work.
 
 
 15
 Finally, McCarty must show good cause that would excuse his failure to present the new evidence in the prior proceedings. See Oliver, 804 F.2d at 966. McCarty argues that his mental faculties were weakened to the point that he was unable to acquire evidence regarding the condition that was diagnosed by Dr. Kosmides. The validity of this argument depends upon the type and degree of psychological impairment that may have been evidenced by McCarty's C-T scan. This information is not included in the present record. McCarty's brief includes a section of the Diagnostic and Statistical Manual of Mental Disorders which describes dementia due to head trauma. However, there is no clear indication that McCarty suffers from dementia or that his encephalomalacia resulted from trauma.
 
 
 16
 Consequently, we will not consider the propriety of a sentence six remand for the first time on appeal. The district court has not had an opportunity to develop the factual record regarding this issue and the record on appeal is not adequate to determine whether the evidence of McCarty's C-T scan is cumulative, whether it is material or whether there was good cause for failing to present it in the prior proceedings. See Jones, 949 F.2d at 60; Chaney, 659 F.2d at 679. There is also no compelling equitable reason for considering this issue initially on appeal. Dr. Weingart indicated that a C-T scan of the head had been scheduled in 1988, and there is no indication that this test was performed, even though the ALJ specifically asked McCarty's counsel to submit additional medical reports before the administrative hearing. Moreover, McCarty still has ample time to file a motion to vacate under Fed.R.Civ.P. 60(b)(2).
 
 
 17
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation