Robert T. ARNOLD

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. 82–3608.

United States District Court, E.D. Pennsylvania.

Sept. 30, 1983.

W. Michael Mulvey, Philadelphia, Pa., for plaintiff.

---

Stanley M. Weinberg, Asst. U.S. Atty., U.S. Dept. of Justice, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This is an action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) to review the final decision of the Secretary of Health and Human Services (the "Secretary") denying a claim for disability insurance benefits under Title II of the Social Security Act (the "Act").

The Magistrate recommends that both the plaintiff and the Secretary's motions for summary judgment be denied and the matter remanded to the Secretary for further proceedings consistent with his Report. The Magistrate reports that the Appeals Council's findings are not supported by substantial evidence because of the failure of the Appeals Council to consider new and additional evidence of plaintiff's heart condition of which it was first notified after its decision.

The letter of the Appeals Council to claimant of March 23, 1982 explaining it would issue a decision finding him not disabled (Tr. 11), a copy of which was sent to plaintiff's counsel, invited additional evidence if available within twenty (20) days or a statement within that time as to when such evidence might be expected.* Plaintiff's counsel submitted a letter to the Appeals Council on April 5, 1982 requesting an extension of 45 days to allow plaintiff's counsel to submit this evidence. (Tr. 136). This extension was granted but the additional evidence was never submitted and no reason or explanation was given. The Appeals Council then decided the plaintiff's case on the evidence of record on March 23, 1982. This was clearly its right and its duty.

A three-week hospitalization in February, 1982 for a "heart attack" would not necessarily lead to a different conclusion as to claimant's disability from December, 1980. Just because the Appeals Council was then given notice of the existence of new evidence does not impose on it the duty of ascertaining why it was not submitted by plaintiff's counsel who was granted the opportunity to do so. Nor must the Appeals Council withdraw its decision and refrain from reconsidering plaintiff's case until it obtained and reviewed this new evidence. It is after all the plaintiff who has the burden of establishing disability.

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). On review by the district court, it may "remand to the Secretary for further action ... and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in

---

* The letter from the Appeals Council states, in pertinent part:

Accordingly, absent persuasive evidence to the contrary, the Appeals Council is prepared to issue a decision finding that you are not disabled.

You or your representative may submit additional evidence or a further written statement as to the facts and law in your case. Either or both should be submitted by mail to the Appeals Council within twenty (20) days from the date of this letter, or the Council should be informed within that time when the material may be expected.

You or your representative may request an appearance before the Appeals Council to present oral argument. A request will be granted where the Council determines that a significant question of law or policy is presented or where the Council is of the opinion that such oral argument would be beneficial in rendering a proper decision in your case. Any request for an appearance should be submitted in writing within 20 days from the date of this letter and should include the reasons for the request. If such a request is submitted, and the Council decides to grant it, you will be notified of the time and place of such appearance.

If the Appeals Council does not hear from you or your representative within the 20-day period, it will assume that you do not want to request an appearance before the Council and that you do not want to submit anything additional. The Council will then issue its decision.

(Tr. 13).

a prior proceeding." In this case, not only was there no showing of good cause, there was no showing of any cause at all. The Secretary has no obligation to seek out evidence counseled plaintiff decides not to present. The decision of the Appeals Council that claimant was not entitled to a period of disability commencing December 21, 1980 would not preclude refiling for disability commencing on or about February 16, 1982 as a result of the hospitalization for "heart attack" to which the letter of plaintiff's counsel refers. The claimant continued to meet the special earnings requirements of the Act at least through the date of the Appeals Council's decision on June 25, 1982. (Tr. 9).

The Secretary found claimant, who met the special earnings requirements of the Act, is unable to perform his past relevant work as a truckdriver which required driving and heavy exertion. Claimant had impairments of occlusion of the left vertebral artery, degenerative changes of the cervical spine and occasional dizziness. The degree of pain and limitation alleged by claimant was found inconsistent with and not supported by the evidence, including the clinical and laboratory findings. Considering claimant's exertional limitations only, the Secretary found the claimant has the residual functional capacity for at least light work as defined in 20 CFR § 404.1567(b) (1983):

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If some one can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The Secretary also found that the level of work the claimant can perform in light of these exertional limitations is not significantly affected by the non-exertional limitations. If these findings are supported by substantial evidence, they are conclusive and require a finding of "not disabled."

The Appeals Council considered the medical evidence with care. (Tr. 6–7). It considered claimant's three hospitalizations on December 21, 1980, January 2, 1981 and January 8, 1981 for symptoms of dizziness, headaches and nausea and the resultant diagnosis of total occlusion of the left vertebral artery at the C–4 level with severe degenerative changes of the cervical spine. It considered the opinion of Dr. Santos that there was no significant limitation of motion, the opinion of Dr. Lin, his treating neurosurgeon, that claimant could do limited part-time work at home and the assessment of Dr. Sagan, after his examination, that claimant could not return to his past work as a truckdriver because of his symptoms but could perform some type of work not involving driving. The Appeals Council considered but rejected a physical capacities evaluation by his treating physician, Dr. Freeman, who stated the claimant was totally disabled, on the ground that the statement was not supported by medical findings other than those of Dr. Lin who found claimant capable of performing light work not involving driving.

The Appeals Council recognized that the Administrative Law Judge ("ALJ") based his decision that the claimant was entitled to disability insurance benefits for the period beginning on December 21, 1980 to some extent on the claimant's testimony concerning his limitations:

> ... The Appeals Council is cognizant of the fact that the administrative law judge's (sic) concerning the credibility of testimony must be accorded significant weight. However, while the credibility of testimony is relevant, it is not, alone a legally sufficient basis for a conclusion that an individual is disabled. Section 404.1508 of Regulations No. 4 specifically requires that a claimant must submit

medical evidence in support of his or her claim rather than a mere statement of symptoms. Given the regulatory provisions of sections 404.1508, 404.1528 and 404.1529, credibility must be assessed on the basis of the extent to which the allegations are consistent with and supported by the evidence. The findings summarized above do not document the degree of limitation which the claimant alleges. (Tr. 8). However, this standard is inconsistent with case law in our Circuit. The Court of Appeals has repeatedly held that pain may be disabling and subjective evidence can support a claim even in the absence of objective medical evidence, *Smith v. Califano,* 637 F.2d 968 (3d Cir.1981); *Taybron v. Harris,* 667 F.2d 412 (3d Cir.1981); *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir.1971); *King v. Secretary of Health, Education and Welfare,* 481 F.Supp. 947 (E.D.Pa.1979), and the ALJ's findings must be specific, *Hargenrader v. Califano,* 575 F.2d 434 (3d Cir. 1978); *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975).

■ Just as the ALJ must make specific findings when evaluating claimant's subjective evidence of pain, so must the Appeals Council make specific findings in rejecting the findings and credibility assessments of the ALJ. *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978); *Combs v. Weinberger,* 501 F.2d 1361 (4th Cir.1974).

It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. Nevertheless, this Court still has the responsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the

administrative law judge has concluded that a witness's testimony is credible, that is an important factor to consider. The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

If an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led it to its conclusion. . . .

*Beavers, supra* at 386–87 (footnote omitted).

■ But in this case the ALJ made no findings of credibility. The colloquy between the ALJ and counsel at the hearing makes clear the ALJ's opinion that he had insufficient evidence to find for claimant on the state of the record at that time because of an equivocal report by Dr. Lin, the neurologist, the lack of a physical capacities evaluation and an inadequate report by Dr. Treiman, the treating physician, particularly a lack of evidence as to any physical limitations imposed on his patient. (Tr. 45–46). Therefore, it is clear that the ALJ relied on the doctors' reports in his decision that claimant was entitled to a period of disability as of December 21, 1980.

The Appeals Council carefully reviewed the testimony and medical reports and found that "[t]he degree of pain and limitation alleged by the claimant is inconsistent with and not supported by the evidence, including the clinical and laboratory findings." (Tr. 9). As stated in *McCann v. Califano,* 621 F.2d 829, 832 (6th Cir.1980), "the Secretary had the right to and did resolve conflicting medical testimony which is not our function. We also hold that the

decision of the Secretary is supported by substantial evidence."