Alfred **STRACCIOLINI**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 82–3809.**

United States District Court, E.D. Pennsylvania.

June 30, 1986.

Marla Soffer, Jablon, Epstein & Wolf, Philadelphia, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), (g) to review a final decision of the Secretary of Health and Human Services, denying disability insurance benefits and supplemental security income to the plaintiff, Alfred Stracciolini. The matter is before this Court by reason of a renewed motion for summary judgment. For the reasons which follow, the plaintiff's motion for summary judgment is denied and the defendant's motion is granted.

### Factual Background

Plaintiff on April 13, 1981 filed an application for social security disability benefits and supplemental income, alleging onset of disability on November 19, 1980. Plaintiff fell off his truck which he alleges left him unable to work due to an orthopedic injury he sustained to his neck and back. Thereafter, plaintiff's claims for social security disability benefits and supplemental income were both disallowed by a disability examiner who concluded the medical evidence proved he was able to return to work (Tr. 48). A notice of reconsideration from that determination reaffirmed the original disallowance (Tr. 58). Plaintiff made a request for a hearing before an Administrative Law Judge [hereinafter ALJ] on both determinations and a hearing de novo was held. Based on evidence in the record, the ALJ concluded claimant's complaints of severe and constant pain, rendering him unable to perform any type of work, were not credible based on the clinical findings. Although claimant was unable to perform his past relevant work as a truck driver, he had a residual functional capacity to perform work related functions, except those involving a significant degree of exertion. The ALJ therefore concluded that the plaintiff was not disabled within the meaning of 20 C.F.R. §§ 404.1520 (Tr. 18–20). Subsequent thereto, plaintiff filed a request for review with the Appeals Council. This Council concluded there was no basis under the applicable regulations for granting plaintiff's request and held the decision of the ALJ as the final decision of the Secretary (Tr. 3).

Subsequently, claimant commenced an action in this Court. On the parties' cross motions for summary judgment, Magistrate William F. Hall, Jr., issued a report and recommendation. In his report Magistrate Hall found that the ALJ's decision had not been based on substantial evidence and recommended that motions for summary judgment be denied and that the case be remanded to an ALJ for further review. The ALJ concluded that there was no objective medical evidence to support a finding of orthopedic, neurological, or combination of impairments which would render the claimant disabled from work, not requiring significant bending and reaching. Magistrate Hall disagreed with this conclusion. He also found that the ALJ relied solely on the evidence of one orthopedic surgeon, Dr. Kambin, while rejecting conflicting testimony of another orthopedic surgeon, Dr. Krause, plaintiff's treating physician and two other doctors who examined plaintiff. The ALJ stated no reasons for rejecting

such probative evidence which was favorable to the plaintiff. Magistrate Hall concluded that it could not be said that the ALJ based his findings on substantial evidence. Magistrate Hall's recommendation was that the ALJ consider plaintiff's subjective complaints of pain in light of the medical evidence presented. Plaintiff's complaints of pain should also be considered together with his physical impairments and his anxiety disorder. He further requested that the ALJ distinguish the medical evidence of two doctors, Dr. Kambin and Dr. Krause, which he found that the ALJ confused. Thereafter, this Court approved and adopted this report and recommendation and remanded the case to the Secretary for further proceedings consistent with the Magistrate's report.

Pursuant to this Court's Order of Remand, a supplemental hearing was held before an ALJ which plaintiff attended and at which a vocational expert testified (Tr. 179–227). The vocational expert was asked a hypothetical question based on the record as to whether plaintiff would be able to perform unskilled light work in light of his present impairments. He responded affirmatively and specifically stated that jobs such as marker, sorter and checker would be appropriate. Due to the repetitive nature of these jobs, it could be learned in less than thirty days. (Tr. 218). Thereafter, the ALJ issued a recommended decision denying plaintiff's entitlement to social security benefits. An appeal of that decision was taken to the Appeals Council which adopted the recommendation of the ALJ with some modification. The Secretary's holding that benefits are not payable to plaintiff under the Social Security Act became final on August 17, 1985 (Tr. 149).

### Scope of Review

■ In reviewing final determinations by the Secretary after an administrative hearing, courts are bound by the Secretary's findings of fact if they are supported by "substantial evidence" 42 U.S.C. §§ 405(g) (Supp. v. 1981), 1383(c)(3) (1976). Substantial evidence has been defined as such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979).

This Court is bound to "scrutinize the whole record to determine whether the Secretary's findings have rational support in the evidence relied upon, and if reliance is placed on one portion of the record in disregard to overbalancing evidence to the contrary, the Court may then interfere with the Secretary's conclusion." *Hofacker v. Weinberger*, 382 F.Supp. 572 (S.D.N.Y.1974). The decision of the ALJ cannot be held to be supported by the required degree of substantial evidence unless the ALJ considers all the claimant's impairments singly and in combination. *Brittingham v. Weinberger*, 408 F.Supp. 606 (E.D.Pa.1976).

### Discussion

■ "Disability" is defined in the Act as any medically determinable physical or mental impairment, 42 U.S.C. § 423(d)(1)(A), which is so severe that the claimant is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any kind of substantial work which exists in the national economy. Work which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(A). The Act further defines a medically determinable impairment as one that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostics techniques. 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C) (1976). Under the Act, the burden of proof as to the medical basis of a finding of disability remains on the claimant at all times, both in

the initial proceeding to establish disability and in a subsequent termination proceeding. *Torres v. Schweiker*, 682 F.2d 109, 111 (3d Cir.1982), *cert. denied,* [459 U.S. 1174] 103 S.Ct. 823 [74 L.Ed.2d 1020] (1983).

█ In assessing a disability claim, factors to be taken into account are: 1) the objective medical facts; 2) the diagnosis and expert opinions of treating and examining physicians on subsidiary questions of fact; 3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; 4) the claimant's educational background, work history and present age. *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.1972); *Underwood v. Ribicoff*, 298 F.2d 850, 851 (4th Cir.1962).

█ In this case, the Secretary concluded that the plaintiff's medical impairments, (lumbar and cervical sprains with lumbar radiculopathy, anxiety and ulnar neuritis with paresthesia of the ring and little finger of his left hand), when considered singly and in combination with other factors, did not, prevent plaintiff from performing sedentary work activity. Therefore, plaintiff could not be classified as disabled under the Social Security Act. (Tr. 172).

Plaintiff first contends that the record includes only substantial evidence of medical testimony by several doctors which supports plaintiff's claim for disability. In particular, plaintiff refers to the testimony of Dr. Krause, an orthopedic surgeon, who concluded plaintiff was totally disabled from any gainful employment. (Tr. 142). Dr. Lobianco, plaintiff's current treating physician, testified to the fact that plaintiff experiences pain with all exertional activities. Those findings were confirmed by two other doctors who examined and treated claimant. Dr. Lobianco, in a letter dated January 7, 1985, opined that plaintiff still remained disabled and unable to work. (Tr. 264). Plaintiff argues that treating physician's findings are to be given more weight than findings of other physicians. *Gold v. Secretary of HEW*, 463 F.2d 38, 42 (2nd Cir.1972). Dr. Kambin, Dr. Blaker and Dr. Jennings saw plaintiff on one occa-

sion for the purpose of determining the severity of his condition. Therefore, plaintiff argues, the Secretary erred in according greater weight to these opinions.

This Court holds that there is substantial evidence in the record to support the Secretary's conclusion. The Secretary looked at the report issued after a consultative examination by Dr. Blaker. In evaluating plaintiff to determine the severity of his alleged pain in relation to existing medical evidence, Dr. Blaker noted plaintiff was in no general distress and walked without a limp. He further stated on the day of the examination that plaintiff had not taken any medication. Dr. Blaker concluded, "objective findings are entirely negative at the present time both as regards the neck and lower lumbar region, neurological findings are negative and all ranges of motion are normal. In my opinion increase in activities is advisable here. He indicates he has been nervous all the time and it may well be that his nervousness is a factor in his not working. A resumption of activities would be beneficial for him." (Tr. 239). Dr. Sharon Wainwright, a forensic psychiatrist and medical advisor to the Social Security Administration, supports Dr. Blaker's conclusion. She stated that although there were conflicting orthopedic reports in the record, the report of Dr. Blaker should be accorded more weight because it is most recent. (Tr. 268).

Even though Dr. Lobianco was plaintiff's treating physician, the ALJ was entitled to accord greater weight to the examining specialist's testimony. The Court in *Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (1st Cir.1975), stated that the medical opinion of specialists may be entitled to greater weight than that of general practitioners. As respects the opinion of Dr. Krause, the ALJ was entitled to give greater weight to the opinion of Dr. Blaker as it was the most recent. When faced with contradictory opinions from two psychiatrists the Court in *Alvarado v. Weinberger, supra,* found that there was no necessary inconsistency in those opinions in light of the two years separating their diagnoses. Sim-

ilarly, here the conflicting opinions by examining physicians and orthopedic surgeons may be resolved by finding that the condition of the plaintiff has improved over time.

An additional ground exists for finding the Secretary's opinion to be supported by substantial evidence. The Secretary is free to choose between properly submitted medical opinions or reject a medical opinion that is contradicted by other evidence of the record. *Boyle v. Harris,* 506 F.Supp. 294, 298, 299 (1980); *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir.1978). But he must give an explanation of the reasons why probative evidence has been rejected so that a reviewing court can determine whether the reasons for rejection were improper. *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981). The Secretary re-evaluated the report of Dr. Krause, the orthopedic surgeon's report which was most favorable to plaintiff. He discounted this evidence because it was not supported by any specific assessment of the claimant's ability to perform basic exertional work related activities, such as standing, walking, sitting, lifting, or carrying.

This Court in evaluating the record finds that the Secretary thoroughly scrutinized the entire record, and properly concluded that the objective medical evidence presented did not support plaintiff's claim of disability. Thus, the Secretary's findings were supported by substantial evidence and the Secretary did not improperly substitute his own opinion for that of the doctors.

The plaintiff also contends that the record bears witness to the fact that plaintiff experiences severely incapacitating pain and discomfort in his lower back. Furthermore, such subjective evidence of pain and disability, testified to by the plaintiff, was improperly disregarded. The Secretary found that while the plaintiff experiences pain, his testimony that it is of such severity, frequency or duration as to preclude all forms of employment is not credible. This Court concludes that the Secretary's finding is supported by substantial evidence.

The Secretary noted that pain could be a basis for a finding of disability. *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir.1971), and that pain may be shown by either objective or subjective symptomology. *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974). He was also cognizant of the fact that it was his duty to assess the weight to be given to testimony regarding pain. The Secretary properly took into account a variety of factors including the extent to which plaintiff's complaints were corroborated by the medical evidence of severe pathology, his appearance and demeanor at the hearing and other factual evidence in the record. The Secretary found that the objective medical evidence did not support plaintiff's claim of disability because, in particular, x-ray abnormalities were minimal and there was no evidence of muscle atrophy which would most likely be present if the presence of pain disrupted plaintiff's use of various parts of his body. (Tr. 100, 101, 120, 122, 238). In regard to plaintiff's subjective complaints of pain, the Secretary reasoned that a person who experienced pain of such severity so as to preclude all employment would seek all means of relief. In fact, plaintiff had not seen an orthopedic specialist since 1981 and the only treatment he was receiving to that date was the application of hot packs every two weeks by his treating physician. (Tr. 122). By his own testimony, plaintiff told the Secretary he had not worn a backbrace for three years, and at present did not often use a tens unit because his medication had brought him relief. Plaintiff was hospitalized on only one occasion in 1981, at which time conservative treatment produced a satisfactory result. (Tr. 102–144). Plaintiff also proved to be somewhat of a vague and unreliable informant. He stated that he had not been able to lift any weight since 1980. When he was informed that he had testified before another ALJ that he had lifted at least five pounds since six months prior to the 1981 administrative hearing he offered no comment. For all the foregoing reasons, the Secretary found plaintiff's demeanor at the hear-

ing, rising from his chair and grimacing could not be reconciled with any evidence of record. (Tr. 168).

 Lastly, plaintiff contends that the government failed to meet its burden of establishing that plaintiff cannot work at any substantial gainful activity. This Court rejects plaintiff's contention in light of a vocational expert's testimony at the hearing. Even though an individual cannot perform his former occupation, an individual is disabled within the meaning of the Social Security Act only if his work skills cannot be used in any other gainful employment. 42 U.S.C. §§ 423(d)(2)(A). A vocational expert is used to determine whether a claimant's work skills can be used in other work and to determine the specific occupations in which they can be used. 20 C.F.R. §§ 404.1566(e).

Dr. Jennings, the vocational expert, was asked a detailed hypothetical question based on the totality of the evidence of record. He stated that Mr. Stracciolini would be able to perform unskilled light work in a repetitious job such as checker, marker, and sorter. This was possible even if claimant could lift less than five pounds, only walk two or three blocks at one time and sit between fifteen and thirty minutes at one time. The vocational expert testified that these jobs all permit plaintiff to change his position from sitting to standing at will and that those jobs existed in significant numbers in the local economy. (Tr. 218–221).

This case is ultimately decided under the Social Security Administration Medical and Vocational Regulations, 20 C.F.R. §§ 404.1520 and 416.920. These regulations consider a claimant's residual functional capacity, age, education and past work experience. The medical evidence demonstrated plaintiff could perform less than a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) (Tr. 172). However, it was found claimant had the residual functional capacity to perform the physical, exertional and non-exertional requirements of work. The plaintiff was only prohibited from lifting greater than five pounds at one time, walking or standing for prolonged intervals and concentrating on complex duties. 20 C.F.R. §§ 404.1545 and 416.945. Considering claimant's 41 years of age (20 C.F.R. § 404.1563 and 416.963), his marginal education (20 C.F.R. §§ 404.1564 and 416.964), the inability to perform his past relevant work as a truck driver, and his present ability to perform jobs such as checker or sorter, plaintiff's medical and vocational characteristics fit within Rules 201.18–201.29 of Table No. 1. This conclusion directs a finding of one not disabled within the meaning of 20 C.F.R. §§ 404.1520(f) and 416.920(f). This ruling subsequently became the Secretary's final decision.

This Court finds that the Secretary's final decision is supported by such "relevant evidence as a reasonable mind might accept to support a conclusion." *See* supra, *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427. Accordingly, it was not error to deny disability insurance benefits and supplemental security income as plaintiff was not disabled within the meaning of the Act. Therefore, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.