Richard A. PYSHER, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–2445.

United States District Court, E.D. Pennsylvania.

July 16, 1986.

Jack I. Kaufman, Allentown, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

CAHN, District Judge.

This is an action pursuant to 42 U.S.C. § 405(g) (1983) to review the final decision of the Secretary of Health and Human Services ("Secretary"). The Secretary denied the claimant's applications for child's insurance benefits and disability insurance benefits. For the reasons stated below, I will affirm the Secretary's decision.

### I.

The claimant in this case, Mr. Richard A. Pysher, applied for insurance benefits, claiming that he was disabled as the result of a childhood injury. At age 10, the claimant fell into a cesspool and sustained severe chemical burns on his legs. The claimant spent the next 18 months in the hospital, where he received over 60 skin grafts. As a result of his injury, Mr. Pysher could neither sit nor stand for a prolonged period of time. If he remained sitting or standing for an hour or more, his legs became numb and stiff.

When he left the hospital, Mr. Pysher returned to school. He continued his education until the age of 18, when he dropped out of the ninth grade. After quitting school, Mr. Pysher did not have a full time job, and he received no vocational training. He made inconsequential earnings by doing yard maintenance work, such as mowing lawns.

As a supplement to his income, Mr. Pysher received child's insurance benefits. The claimant began receiving benefits at age 13, when his father became disabled due to an incurable lung disease. The claimant qualified for benefits under 42 U.S.C. § 402(d)(1)(B)(i) because he was dependent upon his disabled father and was under the age of 18. When Mr. Pysher attained the age of 18, he reapplied for benefits. The claimant qualified under 42 U.S.C. § 402(d)(1)(B)(ii) because he was dependent upon his disabled father and was himself under a disability which began before age 22. Mr. Pysher continued to receive these

benefits until 1977, when he began a nine month trial work period.

In 1977, the claimant obtained full-time employment at a textile mill as a general laborer. He lifted rolls of material weighing as much as 60 pounds and put them on a machine. He cut the material according to specified dimensions. To prepare it for shipping, he then put the material on boards. The job required him to stand most of the day. Despite his condition, Mr. Pysher was able to perform this job because his employer allowed him to take the pressure off his legs by sitting and standing when necessary. In 1981, the textile mill went out of business, and the claimant became unemployed.

Since that time, Mr. Pysher has been unsuccessful in obtaining employment. Although he did not lose his job for any health reason, the claimant stated that he could not obtain new employment because of his condition. The claimant alleged that he was disabled as a result of his injury at age 10.

Having received child's insurance benefits until 1977, Mr. Pysher had 84 months in which to apply for reentitlement.[1] *See* 42 U.S.C. § 402(d)(6)(B). In March of 1982, Mr. Pysher filed a timely application for child's insurance benefits and disability insurance benefits. The Office of Disability Operations of the Social Security Administration denied both claims. At the reconsideration hearing later that month, both claims were again denied.

In November of 1982, an Administrative Law Judge ("ALJ") considered the case *de novo*. After considering the testimony and medical evidence presented at the hearing, the ALJ decided that Mr. Pysher's impairment was not severe enough to preclude him from engaging in substantial gainful employment. Therefore, the ALJ concluded that Mr. Pysher was *not disabled* under the Social Security Act and not entitled to receive child's insurance benefits or disability insurance benefits. In March of 1983, the Appeals Council denied the claimant's request for review. Thus, the ALJ's opinion became the final decision of the Secretary.

Having exhausted his administrative remedies, Mr. Pysher brought this action in federal court. The claimant asserts that the Secretary's decision was not supported by substantial evidence and that the ALJ committed reversible error at the hearing. The parties have filed cross-motions for summary judgment.

## II.

The standard of judicial review is whether the Secretary's decision was supported by substantial evidence. 42 U.S.C. § 405(g) (1983); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971); *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981). If supported by substantial evidence, the Secretary's decision must be affirmed. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson, supra* 402 U.S. at 401, 91 S.Ct. at 1427; *Smith, supra* at 970; *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979).

In a disability hearing before an ALJ, there are shifting burdens of proof:

The claimant bears the initial burden of proving that he or she is disabled. The claimant satisfies this burden by showing that he or she cannot return to his or her customary occupation. Once this burden is met, the burden shifts to the Secretary, who must prove that the claimant can still engage in substantial gainful activity. The Secretary satisfies this burden by showing that given claimant's age, education, and work experience, he

---

1. Under 42 U.S.C. § 402(d)(1)(D), child's insurance benefits terminate when the recipient marries. Mr. Pysher got married in 1973, yet he continued to receive benefits until 1977. It seems that payments should have been terminated permanently in 1973. Thus, the claimant may be barred from receiving child's insurance benefits on procedural grounds. However, I do not reach this procedural issue because my finding that the claimant was not disabled disposes of the entire case.

or she can still perform specific jobs that exist in the national economy.

*Podedworny v. Harris,* 745 F.2d 210, 217 (3d Cir.1984). It is not clear from the record whether the plaintiff met his initial burden of proving that he was disabled. However, the ALJ found that the Secretary met the burden of showing that the claimant's impairment was not severe enough to preclude him from engaging in substantial gainful employment. Therefore, the ALJ decided that the claimant was not disabled.

 After reviewing the record of the hearing, I find that there was substantial evidence supporting the ALJ's decision. The four essential elements of proof are: (1) medical data; (2) medical opinions; (3) subjective complaints; and (4) the claimant's age, education, and work experience. *Newhouse v. Heckler,* 580 F.Supp. 1101, 1105 (E.D.Pa.1984), *remanded* 785 F.2d 283 (3d Cir.1985) (*citing Blalock v. Richardson,* 483 F.2d 773, 776 [4th Cir.1972]); 42 U.S.C. §§ 416(i), 423. The ALJ gave adequate consideration to all of these elements.

The claimant argues that the ALJ neglected to properly consider the medical evidence and opinions of the two physicians who found him to be disabled. I disagree. I find that the ALJ accorded appropriate weight to the three medical opinions presented in this case.

The medical report of treating physician Lewis Genninger, M.D., concluded that Mr. Pysher was not employable. This conclusion was based on his observation that the claimant could not stand or sit for a prolonged period of time. Dr. Genninger's report was very brief, and it supplied almost no medical evidence. The report was little more than a conclusory statement.

An ALJ may reject an opinion which is not adequately supported by evidence. "An acceptable medical opinion as to disability must contain more than a mere conclusory statement that claimant is disabled. It must be supported by clinical or laboratory findings." *Kirkland v. Weinberger,* 480 F.2d 46, 49 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38

L.Ed.2d 155 (1973); *see* 20 C.F.R. § 404.-1526 (1985); *Ettinger v. Heckler,* No. 84-2470, slip op. at 9 (E.D.Pa. Dec. 3, 1985) [Available on WESTLAW, DCTU database]; *Davis v. Califano,* 439 F.Supp. 94, 97–98 (E.D.Pa.1977). Dr. Genninger's conclusory statement was not supported by clinical findings. Furthermore, Dr. Genninger had not seen the claimant for any reason related to the impairment for at least two years. Dr. Genninger, as the "treating physician, 'might have been leaning over backwards to support the application for disability benefits.'" *Ettinger, supra* at 9 (E.D.Pa.1985), (*quoting Cummins v. Schweiker,* 670 F.2d 81, 84 [7th Cir. 1982]).

Edward A. Spoll, D.O., also stated that Mr. Pysher was disabled. Dr. Spoll found that Mr. Pysher's circulation status was good, but if it were to diminish, the claimant would be in danger of losing his legs. However, Dr. Spoll never commented on how working might affect Mr. Pysher's circulation status. Dr. Spoll noted that Mr. Pysher claimed to experience discomfort after standing or sitting for one hour. Because not every employer would be willing to allow an employee to stand or sit at will, Dr. Spoll concluded that the claimant was disabled.

 Dr. Spoll's finding was based on his opinion of employer behavior, an area outside his field of expertise. For a medical report to be worthy of significant consideration, it must be supported by medical evidence. Dr. Spoll's conclusion did not follow from medical data. Therefore, the ALJ did not err in according it little weight.

Unlike the reports of Dr. Genninger and Dr. Spoll, the medical report issued by A. Rashid Makhdomi, M.D., contained extensive clinical evidence. Dr. Makhdomi, an examining physician from the Disability Determination Division, found that the claimant was not disabled. Mr. Pysher could walk 6 to 8 blocks, run 40 to 50 yards, and go up and down steps with no trouble. The claimant could lift 50 pounds occasionally and 25 pounds frequently. He

could stand, sit, and walk as required during an 8 hour day for a wide variety of jobs. Therefore, Dr. Makhdomi stated that Mr. Pysher could do medium exertion level work as defined at 20 C.F.R. § 404.1567(c). The claimant had a diminished sensation of pain in some areas on his legs. Touch sensation, though, was present. Mr. Pysher's legs showed no impairment in strength, reflexes, or coordination. Except for residual scarring, Dr. Makhdomi concluded that Mr. Pysher was physically normal, and he was employable. Dr. Makhdomi's conclusion was supported by clinical findings. Thus, the ALJ did not err in according the greatest weight to Dr. Makhdomi's report.

■ The medical data and opinions, taken as a whole, clearly show that Mr. Pysher was incapable of heavy work, but this was not sufficient to constitute a disability. *Woods v. Finch*, 428 F.2d 469 (3d Cir.1970). The medical reports provide substantial evidence that he could perform sedentary work, and possibly even light work.

■ The claimant's own testimony at the hearing also supports this conclusion. In response to questioning by the ALJ, Mr. Pysher testified as to his residual functional capacity. The claimant explained that he could not remain standing or sitting for a prolonged period of time, or else his legs would become numb and stiff. Mr. Pysher believed that he could work in an assembly line operation, such as working along a conveyor belt, when he would be able to stand and sit at will. Mr. Pysher agreed that he could do such jobs as portal guard, security guard, and identification checker. So long as he could sit or stand when necessary, the claimant said that he could do sedentary work. He stated that he was able to drive a car, do household chores, paint, draw, cook, shop, and do yard work. Thus, Mr. Pysher's own testimony supported the conclusion that he was not disabled.

The claimant contends that the ALJ gave insufficient consideration to his subjective complaints of pain. During the hearing, Mr. Pysher complained that sitting or standing for a long time would cause his legs to become numb and stiff. However, twice during the hearing he stated that he does not feel much pain. Record at 39 and 41. Thus, the claimant's own testimony provided substantial evidence that his discomfort was not disabling.

The claimant further alleges that the ALJ committed a reversible error by basing his decision on personal observation of Mr. Pysher's demeanor at the hearing. The ALJ noted that Mr. Pysher was alert and communicated effectively. He also observed that the claimant was able to walk, sit, stand, and carry himself as an unimpaired person. As trier of fact, the ALJ acted properly by observing Mr. Pysher. "The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence ... is invaluable, and should not be discarded lightly." *Arnold v. Schweiker*, 571 F.Supp. 526, 529 (E.D.Pa.1983) (*quoting Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 [6th Cir. 1978]). Had the ALJ relied solely on his own observations, where all the evidence was to the contrary, he would have committed reversible error. *Davidson v. Harris*, 502 F.Supp. 1208, 1213 (E.D.Pa.1980). In this case, however, the ALJ's observations were consistent with the medical evidence and testimony at the hearing. The observations constituted one of several factors in the ALJ's decision that Mr. Pysher was not disabled.

■ The claimant also contends that the ALJ usurped the role of a vocational expert. In this case, however, a vocational expert was not necessary. The ALJ applied medical-vocational guidelines from 20 C.F.R. § 404. That procedure is acceptable. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Santise v. Schweiker*, 676 F.2d 925 (3d Cir. 1982). The ALJ found that Mr. Pysher's impairment was "non-severe," meaning that it did "not significantly limit [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Ex-

amples of basic work activities include walking, standing, and sitting. 20 C.F.R. § 404.1521(b). Mr. Pysher's ability to walk, stand, and sit has been diminished; however, the ALJ found that the extent of the impairment was not significant. The claimant's residual functional capacity enabled him to perform basic work activities so that he could engage in substantial gainful employment. Thus, Mr. Pysher was not disabled according to 20 C.F.R. § 404.-1520(c), regardless of his age, education, and work experience.

Mr. Pysher was age 31 at the time of the hearing. He was literate and able to communicate easily. His experience in the textile mill showed he was capable of performing moderate exertion level activity. These factors indicated that Mr. Pysher was not disabled. In fact, even if he could only do sedentary work, the claimant would not have been considered disabled under the Act. 20 C.F.R. § 404, Subpt. P, App. 2, sec. 201.00(a), (b), (c), (h) and rule 201.24.

Case precedent supports my affirmance of the ALJ's determination. In a similar case, where the claimant had to alternate between sitting and standing and could not do either for more than an hour, the court stated that such a condition is not inconsistent with meeting the requirements for jobs which exist in significant numbers in the national economy. "[A] trier of fact could conclude that the plaintiff retains the ability to perform a significant number of jobs which do permit the plaintiff to sit or stand at will and which are within her vocational profile." *Griffen v. Bowen*, No. 85–3451, slip op. at 2 (E.D.Pa. June 12, 1986) [Available on WESTLAW, DCTU database]; *see also Stracciolini v. Heckler*, 639 F.Supp. 548, —— (E.D.Pa.1986) (holding that claimant was not disabled under medical-vocational guidelines of 20 C.F.R. § 404, even though claimant could lift less than five pounds, walk only two or three blocks, and sit or stand for only fifteen to thirty minutes at one time).

### III.

The ALJ considered all of the evidence presented at the hearing and decided that Mr. Pysher's impairment was not severe enough to constitute a disability under the Social Security Act. Accordingly, he denied Mr. Pysher's claims for insurance benefits.

I find that the ALJ's decision was supported by substantial evidence. Therefore, I will affirm the decision and grant the Secretary's motion for summary judgment.